Per Curiam:
The plaintiff in error made an unsuccessful attempt to dissuade an officer in search of the stolen property from searching certain premises where the stolen property was concealed. *453 It does not appear that plaintiff in error had any authority, domination or control-over the, premises, or over the stolen goods there concealed, or that he had taken part in placing the goods upon the premises, or in concealing them there, unless his attempt to thus dissuade the officer amounted to a concealment of the goods.
Upon .this state of facts and with respect to the attempt to thus dissuade the sheriff from searching, the court charged the jury, in part, as follows:
“Words are deeds, and if you find that, at the time this property was stolen, as charged in the indictment, that Eli Vanimmons had knowledge of that-fact, and, having that knowledge, that he did or .said anything to the officer holding the warrant,' which was calculated and intended hy him to prevent the search' for this property, or any part of it, in any place or places where Eli Vanimmons knew it to be, and -you find these facts, together with the other facts to which I have called your attention, as constituting this crime -in the indictment, proved beyond a reasonable doubt, then, gentlemen of the-jury, without reference to the purpose for which he did it, whether for his own benefit or to screen others, it will be your duty to find the defendant guilty of larceny, as he stands charged in the indictment.”
We hold that in so charging the court erred. That it is not enough that the prisoner did an act “calculated and intended to conceal the property,” but he must have done something which in some measure or degree actually effected that result. A mere attempt to conceal, not in any measure effective, is not sufficient to constitute the offense charged.
If one, knowing the place of deposit of stolen goods, should prepare himself with materials to cover the same so that they might not be discovered, and should set out for the place of deposit with such materials and with a purpose of thereby covering and concealing such stolen property, but the stolen property should be discovered and recovered before such person had reached the place of deposit, the fact that he had done something designed and intended to conceal the goods would not be sufficient to constitute an offense under the law. It would be no more than a mere attempt.
I. D. Hill, prosecuting attorney, and John M. Killetts, for state..
M. M. Boothman, for prisoner.
Air attempt to cover up by th« use of words instead of materials cannot be more potent in accomplishing an infraction of the law. It is not necessary that the offender should be successful in any degree or for any period in concealing the property, but he must in some measure succeed in accomplishing the act that he designed to effect the concealment. The act here attempted was the turning aside of the officer, and the attempt was altogether futile and abortive, as if, in the case instanced in the use of material covering, such material had been destroyed before the place of deposit of the stolen goods had’ been reached. The effort of the prisoner to thus influence the-sheriff while it was competent evidence tending to show that the prisoner was in fact concealing the property, was not. enough in and of itself to constitute the offense.
We also hold that the verdict is not sustained by sufficient' evidence, and that, therefore, the court erred in overruling the-motion of the prisoner for a new trial.